UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| GORDON D'ANDRE COHNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-234 |
| | ) | |
| CHARLES V. LONCON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Gordon D'Andre Cohns sent the Court a document titled "Remand Voluntary Dismissal," that stated he "made a decision to voluntarily dismiss all [his] cases with [this Court]." *See* doc. 9. The Court construed that filing as a notice of voluntary dismissal, pursuant to Federal Rule of Civil Procedure 41, and dismissed the case. *See* doc. 10. Judgment has been entered. Doc. 11. Approximately a week after judgment was entered, the Court received a letter from Cohns, which states that he "never filed a motion to dismiss . . . ." Doc. 12 at 1. He appears to seek clarification of the Court's Order. *Id.* As explained more fully below, the Court construes Cohns' request as a motion to amend or alter a judgment, pursuant to Federal Rule of Civil Procedure 59(e).

However, because he has not provided sufficient information for the Court to evaluate the merits of such a motion, he must provide additional explanation. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (internal quotation marks and citation omitted); *Retic v. United States*, 215 F. App'x 962, 964 (11th Cir. 2007) ("Federal courts sometimes will ignore the label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.");

Since Cohns does not specify whether he seeks reconsideration of the Court's Order under Federal Rule of Civil Procedure 59 or 60, the Court must consider the timing of his motion. *See, e.g., Lodge v. Brown*, 2019 WL 6790780, at *2 (S.D. Ga. Dec. 11, 2019). "Generally, when a motion for reconsideration is filed within twenty-eight days of the judgment, the motion is treated as a motion pursuant to Federal Rule of Civil Procedure 59(e). *Id.* (citing *Mahone v. Ray*, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003)). Plaintiff filed[1] this motion three days after judgment.

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). The Court presumes that Cohns' letter/motion was delivered for mailing on the day he signed it. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) ("Absent evidence to the contrary in the form of

*Compare* doc. 11 (Judgment dated April 18, 2022), *with* doc. 12 at 1 (dated April 21, 2022).  It is, therefore, properly considered under Rule 59(e).

"Reconsideration of a previous order [pursuant to Rule 59(e)] is an extraordinary remedy, to be employed sparingly." *Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*, 108 F. Supp. 3d 1376, 1379 (S.D. Ga. 2015) (internal quotation and citation omitted).  "The decision to alter or amend judgment is committed to the sound discretion of the district judge . . . ." *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985).  "Although Rule 59(e) does not set forth the grounds for relief, district courts in this Circuit have identified three that merit reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Gold Cross E.M.S.*, 108 F. Supp. 3d at 1379 (citation omitted).  The only possible construction of Cohns' motion is that he seeks relief under the third ground.

In order to be entitled to relief under Rule 59(e), Cohns must explain why the Court's construction of his prior filing, clearly stating his

---

prison logs or other records, we will assume that [a prisoner's] motion was delivered to prison authorities on the day he signed it . . . .").

"decision to voluntarily dismiss all [his] cases," doc. 9 at 1, was misconstrued. Although the instant filing does not provide, or even suggest, any such explanation, the Court will afford Cohns a chance to provide one. The Clerk is **DIRECTED** to construe the instant filing, doc. 12, as a Motion to Alter or Amend the Judgment, pursuant to Federal Rule 59(e). Cohns is **DIRECTED** to file a supplement explaining the apparent discrepancy between his two filings no later than May 10, 2022. The Clerk is further **DIRECTED** to enclose a copy of Cohns' prior filing, doc. 10, with this Order for Cohns' reference in preparing his response.

    **SO ORDERED**, this 26th day of April, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA